IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PAULETTE L. WINKFIELD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-699-SLR |
| | ) | |
| STANLEY TAYLOR, PAUL HOWARD | ) | JURY TRIAL DEMANDED |
| PATRICK RYAN, COLLEEN | ) | |
| SHOTZBERGER,[1] AND COUNSELOR | ) | |
| RUSSELL[2] | ) | |
| Defendants. | ) | |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL**

COME NOW, Defendants Ryan, Shotzberger and Russell ("Defendants"), though the undersigned counsel and hereby oppose Plaintiff's motion for appointment of counsel. In support of their position, Defendants state the following:

1.      On November 16, 2006, Paulette Winkfield ("Plaintiff"), an inmate who was at that time incarcerated at the Baylor Women's Correctional Institution, commenced this action by filing a Complaint pursuant to 42 *U.S.C.* § 1983 with leave to proceed *in forma pauperis* against the above-captioned defendants. (D.I. 1-2).

2.      On April 19, 2007, the Court issued a service order for all defendants. (D.I. 9). Service was executed as to defendants Ryan, Shotzberger and Russell in May and June of 2007. (D.I. 15-17). Defendants Taylor and Howard have not been served in this action. Plaintiff was ordered to show cause why defendants Taylor and Howard should not be dismissed from the action. (D.I. 23). Plaintiff responded by letter stating that Defendant Taylor had been served and requesting that Defendant Howard be dismissed. (D.I. 26). The record reflects that Defendant

---

[1] Improperly spelled as Shortzberger in the Complaint.
[2] Donna Russell

Taylor has not been served.  Thus, Defendants Howard and Taylor respectfully request that they be dismissed from this action.

3.    On September 19, 2007, Plaintiff filed a Motion for Appointment of Counsel (D.I. 27).  Plaintiff's motion alleges limited legal knowledge, complex issues, limited access to a law library, and limited access to Department of Correction records as grounds for her motion.  This is Defendants opposition to that motion.

4.    The Third Circuit holds that *pro se* litigants proceeding *in forma pauperis* have no constitutional or statutory right to appointed counsel.  *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997).  Rather, the appointment of counsel is left within the court's discretion.  *Parham*, 126 F.3d at 457; *Tabron v. Grace*, 6 F.3d 147, 157-58 (3d Cir. 1993).  A court usually grants a request for appointment of counsel only "'upon a showing of special circumstances indicating a likelihood of substantial prejudice to [the litigant] resulting … from his probable inability without such assistance to present the facts and legal issues to the court in a complex, arguably meritorious case.'"  *Daniels v. Correctional Medical Services, Inc.*, 380 F.Supp.2d 379, 384 (D. Del. 2005) (quoting *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984)).

5.    In determining whether to appoint counsel, a court must make a preliminary determination about the merits of a plaintiff's case.  *Parham*, 126 F.3d at 457.  If the court determines that the plaintiff's claims have some merit, then the court should consider several additional factors including:  (1) the plaintiff's ability to present his own case; (2) the complexity of the legal issues; (3) the degree to which factual investigation is necessary and the ability of the plaintiff to pursue such investigation; (4) the amount a case is likely to turn on credibility determinations; (5) the need for expert testimony; and (6) whether the plaintiff can attain and afford counsel on his own behalf.  *Id*.

6.      In light of the *Tabron* factors and the arguments put forth by Plaintiff in her motion (D.I. 27), Plaintiff does not require the appointment of counsel at this time.

7.      Plaintiff has clearly shown her ability to present her own case. She has competently filed her Complaint and motion for leave to proceed *in forma pauperis* with this Court. She has also responded to the Court's show cause order and filed this motion for counsel. Plaintiff alleges a limited legal knowledge as a basis for her counsel request. Plaintiff's alleged lack of knowledge is not sufficient to require the appointment of counsel. Indeed, if it was, every *pro se* litigant proceeding *in forma pauperis* would be entitled to the appointment of counsel.

8.      At this stage, this does not appear to be a complex case, and the factual allegations are limited. Further, the parties have yet to engage in any discovery. Thus, it is unclear at this point how complex the case might be.

9.      Extensive discovery is not required. Plaintiff has first hand knowledge of most of the facts alleged. Plaintiff has stated limited access to Department of Correction records as a basis for her motion. However, Plaintiff's ability to access record does not change with the appointment of counsel. Plaintiff, as a *pro se* litigant, is entitled to make the same discovery requests as any attorney is allowed to make.

10.      The claims against the defendants do not rest solely on credibility nor are the determinations of credibility likely to be dispositive. The focus of this case is on matters of law – that is whether prison officials retaliated against Plaintiff in violation of her constitutional rights. Plaintiff argues the likelihood of conflicting testimony at trial as a basis for her motion. However, every trial would expect to have conflicting testimony and, absent any discovery in this case, the parties don't have any expectation of what the trial testimony might be or if the case is even likely to proceed to trial.

11.    Plaintiff does not need expert testimony to prove his case.  The issues here center on alleged constitutional violations and expert testimony is likely not necessary.

12.    Plaintiff argues that her limited access to a law library is grounds for the appointment of counsel.  Plaintiff's argument has not merit.  Plaintiff is no longer incarcerated and has not been since March of 2007.  Plaintiff's access to resources as a non-incarcerated *pro se* litigant is significantly better than any incarcerated inmate.

13.    Considering the *Tabron* factor discussed above, plaintiff does not require the appointment of counsel at this time.  Contrary to Plaintiff's assertions, she has demonstrated ability and knowledge sufficient to proceed with her case and her filings reflect her ability to articulate and put forth the facts as she perceives them.  Plaintiff has not demonstrated special circumstances indicating a likelihood of substantial prejudice to her case at this time and the motion should be denied.

WHEREFORE, Defendants respectfully requests that this Honorable Court deny Plaintiff's Motion for Appointment of Counsel.

**STATE OF DELAWARE
DEPARTMENT OF JUSTICE**

/s/ Stacey Xarhoulakos_____
Stacey Xarhoulakos, 4667
Deputy Attorney General
820 North French Street, 6th Floor
Wilmington, DE 19801
(302) 577-8400
stacey.xarhoulakos@state.de.us
*Attorney for Defendants*

Dated:  September 28, 2007

4

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| PAULETTE L. WINKFIELD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-699-SLR |
| | ) | |
| STANLEY TAYLOR, PAUL HOWARD | ) | JURY TRIAL DEMANDED |
| PATRICK RYAN, COLLEEN | ) | |
| SHOTZBERGER, AND COUNSELOR | ) | |
| RUSSELL | ) | |
| Defendants. | ) | |

**ORDER**

Upon the Plaintiff's Motion for Appointment of Counsel (the "Motion") and Defendants Ryan, Shotzberger, and Russells' Response in Opposition to the Motion; and it appearing that good and sufficient notice of Plaintiff's Motion and Defendant's Opposition has been given; and after due deliberation thereon:

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Appointment of Counsel is **DENIED**.

SO ORDERED this _____ day of _____, 2007.

_____
The Honorable Sue L. Robinson
United States District Court Judge

**CERTIFICATE OF SERVICE**

I hereby certify that on September 28, 2007, I electronically filed *Defendants' Response in Opposition to Plaintiff's Motion for Appointment of Counsel* with the Clerk of Court using CM/ECF.  I hereby certify that on September 28, 2007, I have mailed by United States Postal Service, the document to the following non-registered participants:

Paulette Winkfield
512 North Church Street
Milford, DE 19963

/s/ Stacey Xarhoulakos_____
Deputy Attorney General
Department of Justice
820 N. French St., 6th Floor
Wilmington, DE 19801
(302) 577-8400
stacey.xarhoulakos@state.de.us