IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PAULETTE L. WINKFIELD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 06-699-SLR |
| | ) |
| | ) |
| | ) Jury Trial Demanded |
| | ) |
| STANLEY TAYLOR, ET AL., | ) |
| | ) |
| | ) |
| Defendants. | ) |

## RESPONSES TO REQUESTS FOR ADMISSIONS

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, defendant Colleen Shotzberger hereby responds to Plaintiff's Requests For Admissions as follows:

## GENERAL OBJECTIONS

The following general objections apply to and are hereby incorporated by reference into each individual response herein, whether or not expressly incorporated by reference in such individual response:

1.  Defendant objects to the Discovery Requests to the extent that they seek to obtain information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable protections or privileges.

2.  Defendant objects to the Discovery Requests to the extent that they seek information not in Defendant's possession, custody or control on the ground that any such request exceeds the obligations imposed by the Federal Rules of Civil Procedure.

3. Defendant objects to the Discovery Requests to the extent that they seek information that is already in the possession, custody or control of Plaintiff or information that is equally available to Plaintiff.

4. Defendant objects to the Discovery Requests to the extent that they seek to impose requirements not otherwise required by the Federal Rules of Civil Procedure or the Local Rules for the United States District Court for the District of Delaware.

5. Defendant objects to the Discovery Requests to the extent that they are vague, ambiguous, or otherwise incomprehensible.

6. Defendant objects to the Discovery Requests to the extent that they are overly broad, unduly burdensome, or seek information that is neither relevant to the issues raised in the Complaint (the "Complaint"), nor reasonably calculated to lead to the discovery of admissible evidence.

7. In providing responses to these Discovery Requests, Defendant does not waive, and expressly reserves, all objections as to competency, relevancy, materiality and admissibility thereof, as well as all objections to any other discovery request.

8. Pursuant to the applicable provisions of the Federal Rules of Civil Procedure, Defendant reserves the right to supplement or amend these responses and assert additional objections as it completes its review and analysis in response to the Discovery Requests.

## RESPONSES TO REQUESTS FOR ADMISSION

Subject to and without waiver of the foregoing general objections, Defendants respond as follows:

1. Instructed plaintiff be placed in administrative segregation.

**RESPONSE:** The statement is denied as stated. Plaintiff was administratively transferred by security staff to maximum.

      2.      Provided plaintiff written reasons place in segregation.

**RESPONSE:** Defendant objects on the grounds that this statement is unintelligible. Without waiver of said objection, the statement is denied.

      3.      Order plaintiff classified higher security level.

**RESPONSE:** Defendant objects on the grounds that the request is vague and unclear. Without waiver of said objection, the statement is denied as stated. The institutional classification committee (Multi-Disciplinary Team) makes this decision.

      4.      Plaintiff received legal mail opened.

**RESPONSE:** Defendant is without information sufficient to affirm or deny this statement.

      5.      Aware plaintiff had written News Journal, in reference to conditions at Baylor Women Correctional Facility.

**RESPONSE:** Denied as stated. Defendant has no personal knowledge as to this statement.

      6.      Contacted former Commissioner Stanley Taylor, about correspondence received from plaintiff.

**RESPONSE:** Denied.

      7.      Warden Patrick Ryan instructed plaintiff be classified to higher security.

**RESPONSE:** Denied as stated. Warden Ryan instructed security staff to refer Plaintiff to the Major Adjustment Board.

8.  Plaintiff cited for rule infraction(s), in reference to August 10, 2006 move to higher security.

**RESPONSE:** Defendant objects on the grounds that this statement is vague and unclear. Without waiver of said objection, the statement is admitted.

9.  There was 404 form (incident report) submitted in reference to plaintiff's August 10, 2006 transfer to higher security.

**RESPONSE:** Defendant objects on the grounds that this statement is vague and unclear. Without waiver of said objection, is admitted that an incident report was written after Plaintiff was involved in a fight with another inmate and Plaintiff was transferred shortly after on August 10, 2006.

10. Plaintiff viewed as security risk.

**RESPONSE:** Admitted.

11. Plaintiff suffered loss of job as result of move to higher security.

**RESPONSE:** Admitted.

12. Department of Corrections administrative regulations followed, when plaintiff moved to higher security.

**RESPONSE:** Admitted.

13. Plaintiff has completed and facilitated numerous programs, while housed at Baylor Women Correctional Facility.

**RESPONSE:** Defendant objects to the term "numerous" as vague an undefined. Without waiver of said objection, it is admitted that Plaintiff completed programs while incarcerated at Baylor Women Correctional Facility.

14. Plaintiff moved August 10, 2006, result of incident with another inmate.

**RESPONSE:** Defendant objects on the grounds that this statement is vague and ambiguous. Without waiver of said objection, the statement is admitted.

  15. Plaintiff moved August 10, 2006, result of incident with staff.

**RESPONSE:** Defendant objects on the grounds that this statement is vague and ambiguous. Without waiver of said objection, the statement is denied as stated. A staff member was present for the incident, but that staff member was not involved in the incident.

  16. Plaintiff was disciplinary problem.

**RESPONSE:** Admitted.

  17. Plaintiff viewed as inmate leader.

**RESPONSE:** Defendant objects to the term "inmate leader" as vague and undefined. Without waiver of said objection, the statement is denied.

  18. Plaintiff granted early release from level V part of sentence.

**RESPONSE:** Defendants object on the grounds that this statement does not specify a time period or specify what sentence to which plaintiff is referring. The statement is admitted to the extent it refers to Plaintiff's most recent sentence.

  19. Trial Court granted plaintiff sentence modification.

**RESPONSE:** Defendants object on the grounds that this statement does not specify a time period or specify what sentence to which plaintiff is referring. The statement is admitted to the extent it refers to Plaintiff's most recent sentence.

  20. Plaintiff permitted return to Baylor's Women Correctional Facility Women's Treatment & Work Release Center for the purpose of conducting workshop and training sessions for Alternative to Violence Project.

**RESPONSE:**  Defendant does not have any knowledge as to truth or falsity of this statement.

                                     **DEPARTMENT OF JUSTICE**
                                     **STATE OF DELAWARE**

                                     ____/s/ Stacey Xarhoulakos_____
                                     Stacey Xarhoulakos (ID #4667)
                                     Deputy Attorney General
                                     820 N. French Street, 6th Floor
                                     Wilmington, DE  19801
                                     (302) 577-8400
                                     Attorney for Defendant Shotzberger

Dated: November 19, 2007

**CERTIFICATE OF SERVICE**

I hereby certify that on November 19, 2007, I electronically filed *Defendant Shotzberger's Responses to Requests for Admissions* with the Clerk of Court using CM/ECF. I hereby certify that on November 19, 2007, I have mailed by United States Postal Service, the document to the following non-registered participant:

Paulette Winkfield
512 North Church Street
Milford, DE 19963

/s/ Stacey Xarhoulakos
Deputy Attorney General
Department of Justice
820 N. French St., 6th Floor
Wilmington, DE 19801
(302) 577-8400
stacey.xarhoulakos@state.de.us