IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PAULETTE L. WINKFIELD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 06-699-SLR |
| | ) |
| | ) Jury Trial Demanded |
| STANLEY TAYLOR, ET AL., | ) |
| | ) |
| Defendants. | ) |

**RESPONSES TO REQUESTS FOR ADMISSIONS**

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, defendant Donna Russell hereby responds to Plaintiff's Requests For Admissions as follows:

**GENERAL OBJECTIONS**

The following general objections apply to and are hereby incorporated by reference into each individual response herein, whether or not expressly incorporated by reference in such individual response:

1. Defendant objects to the Discovery Requests to the extent that they seek to obtain information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable protections or privileges.

2. Defendant objects to the Discovery Requests to the extent that they seek information not in Defendant's possession, custody or control on the ground that any such request exceeds the obligations imposed by the Federal Rules of Civil Procedure.

3. Defendant objects to the Discovery Requests to the extent that they seek information that is already in the possession, custody or control of Plaintiff or information that is equally available to Plaintiff.

4. Defendant objects to the Discovery Requests to the extent that they seek to impose requirements not otherwise required by the Federal Rules of Civil Procedure or the Local Rules for the United States District Court for the District of Delaware.

5. Defendant objects to the Discovery Requests to the extent that they are vague, ambiguous, or otherwise incomprehensible.

6. Defendant objects to the Discovery Requests to the extent that they are overly broad, unduly burdensome, or seek information that is neither relevant to the issues raised in the Complaint (the "Complaint"), nor reasonably calculated to lead to the discovery of admissible evidence.

7. In providing responses to these Discovery Requests, Defendant does not waive, and expressly reserves, all objections as to competency, relevancy, materiality and admissibility thereof, as well as all objections to any other discovery request.

8. Pursuant to the applicable provisions of the Federal Rules of Civil Procedure, Defendant reserves the right to supplement or amend these responses and assert additional objections as it completes its review and analysis in response to the Discovery Requests.

**RESPONSES TO REQUESTS FOR ADMISSION**

Subject to and without waiver of the foregoing general objections, Defendant Russell responds as follows:

1. Instructed by defendant Shotzberger classify plaintiff to higher security level.

**RESPONSE:** Defendants object on grounds that this request is vague. Without waiver of said objection, Defendant does not recall who instructed that Plaintiff be classified to Unit 8.

2. Plaintiff cited for rule infraction, which led to removal from Chapel job.

**RESPONSE:** Admitted.

3. Plaintiff denied access to law library.

**RESPONSE:** Defendant does not have any knowledge as to truth or falsity of this statement.

4. Provided copy of reports, requesting plaintiff moved to higher security level.

**RESPONSE:** Defendant objects on grounds that this statement is vague and unclear. Subject to and without waiver of said objection, Defendant does not recall if this occurred.

5. Aware plaintiff contacted News Journal, concerning conditions at Baylor Women's Correctional Facility.

**RESPONSE:** Denied.

6. Plaintiff institutional records reflect reason moved to higher security level.

**RESPONSE:** Defendant does not have any knowledge as to truth or falsity of this statement. There is a conduct file where information of this sort is typically kept, but Defendants has no knowledge if the paperwork was placed in Plaintiff's file.

7. Plaintiff previously cited for rule infractions.

**RESPONSE:** Defendant does not have any knowledge as to truth or falsity of this statement.

8. Classification decision not subject to grievance.

**RESPONSE:** Defendant objects on the grounds that this statement is vague. Without waiver of said objection, it is admitted that a classification decision is not grievable, but the decision may be appealed.

9. There was not an operational grievance committee at Baylor Women's Correctional Facility.

**RESPONSE:** Admitted.

10. Defendant Ryan instructed plaintiff be placed in higher security level.

**RESPONSE:** Defendant does not have any knowledge as to truth or falsity of this statement.

11. You were plaintiff's counselor.

**RESPONSE:** Defendant objects on the basis that this statement does not specify a time period. Without waiver of said objection, it is admitted that Defendant was Plaintiff's counselor when she was moved to Unit 8, but Defendant was not Plaintiff's counselor prior to the move.

12. Plaintiff provided hearing prior to placement in higher security level.

**RESPONSE:** Defendant does not have any knowledge as to truth or falsity of this statement.

          **DEPARTMENT OF JUSTICE**
          **STATE OF DELAWARE**

          _____/s/ Stacey Xarhoulakos_____
          Stacey Xarhoulakos (ID #4667)
          Deputy Attorney General
          820 N. French Street, 6th Floor
          Wilmington, DE 19801
          (302) 577-8400
          Attorney for Defendant Russell

Dated: November 19, 2007

**CERTIFICATE OF SERVICE**

I hereby certify that on November 19, 2007, I electronically filed *Defendant Russell's Responses to Requests for Admissions* with the Clerk of Court using CM/ECF. I hereby certify that on November 19, 2007, I have mailed by United States Postal Service, the document to the following non-registered participant:

Paulette Winkfield
512 North Church Street
Milford, DE 19963

/s/ Stacey Xarhoulakos
Deputy Attorney General
Department of Justice
820 N. French St., 6th Floor
Wilmington, DE 19801
(302) 577-8400
stacey.xarhoulakos@state.de.us