IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PAULETTE L. WINKFIELD,           ) | |
|               ) | |
|       Plaintiff,         ) | |
|               ) | |
|    v.          ) | C.A. No. 06-699-SLR |
|               ) | |
| STANLEY TAYLOR, PAUL HOWARD  ) | JURY TRIAL DEMANDED |
| PATRICK RYAN, COLLEEN         ) | |
| SHOTZBERGER,[1] AND COUNSELOR  ) | |
| RUSSELL[2]          ) | |
|       Defendants.       ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION**

Defendants Patrick Ryan, Colleen Shotzberger, and Donna Russell ("Defendants") hereby respond to Plaintiff Paulette Winkfield's Request for Production of Documents:

**GENERAL OBJECTIONS**

1. Defendants object to the Request for Production to the extent that it seeks information or documents protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege.

2. Defendants object to the Request for Production to the extent that it purports to require supplementation of these responses beyond that required by Federal Rule of Civil Procedure 26(e).

3. Defendants object to the Request for Production to the extent that it purports to place duties upon them not set forth in, or contemplated by, the Federal Rules of Civil Procedure.

4. Defendants object to the Request for Production to the extent that it purports to seek information or documents not in their possession, custody or control.

---

[1] Improperly spelled as Shortzberger in the Complaint.
[2] Donna Russell

5. Defendants object to the Request for Production to the extent that it seeks the production of documents equally available to Plaintiff or Plaintiff's counsel. Such documents will be identified by Defendants, but will not be produced.

6. Defendants object to the Request for Production to the extent that it purports to require production of information or documents which are impractical or unduly burdensome to reproduce.

7. Defendants object to the Request for Production to the extent that it seeks the production of documents generated by or received from counsel for Defendants in connection with this litigation on or after the date of the acceptance of representation on the grounds that such documents are protected by attorney-client and work product privileges.

## RESPONSES

Subject to, and without waiver of the foregoing General Objections and those set forth in Defendants' Responses, Defendants respond, after a reasonable search, and subject to supplementation, as follows:

1. The complete prison record of the plaintiff, including the confidential section.

**RESPONSE:** Defendants object to this request on grounds that it is overly broad, unduly burdensome, and fails to specify a time period. Defendants further object on grounds that the request is not relevant to the allegations in the Complaint and not reasonably calculated to lead to the discovery of admissible evidence as Plaintiff has been in and out of prison almost her entire adult life and has a file covering a thirty-year time period. Defendants further object on grounds that the entire institutional file is protected from disclosure by 11 *Del. C.* § 4322. Subject to and without waiver of the foregoing general and specific objections, Defendants have produced portions of Plaintiffs institutional file to the extent that it does not interfere with the policy and

purpose of 11 *Del. C.* § 4322 and does not create a security risk. Additional portions of the file will be produced after a protective order is signed by the parties and filed with the Court. Defendants refer Plaintiff to documents produced and bate stamped D0001- D00623.

2. All written statements, originals or copies identifiable as reports concerning incident of August 10, 2006.

**RESPONSE:** Defendants object to this request as vague and on grounds that Defendants do not have a record of an incident involving Plaintiff on August 10, 2006.

3. Disciplinary reports concerning plaintiff, the aforemention [sic] will include 404 incident reports, and evaluations prepared by Treatment Services.

**RESPONSE:** Defendants object to this request on grounds that it is vague, unclear, overly broad and unduly burdensome. Defendant further object on grounds that the request is not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object on grounds that this Request seeks information protected from disclosure by 11 *Del. C.* § 4322. Subject to and without waiver of the foregoing general and specific objections, Defendants refer Plaintiff to disciplinary reports contained in Plaintiff's institutional file bate stamped D0001- D00623 and bate stamped items D00624 – D00625.

4. Reports prepared by defendants, Ryan, Shotzberger, Russell, and Treatment Services for period plaintiff incarcerated at Baylor Women's Correctional Facility.

**RESPONSE:** Defendants object to this request on grounds that it is vague, overly broad and unduly burdensome as Plaintiff has been in and out of prison almost her entire adult life and has a file covering a thirty-year time period. Defendants further object on grounds that the request is not relevant to the allegations in the Complaint and not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object on grounds that this Request

3

seeks information protected from disclosure by 11 *Del. C.* § 4322. Subject to said objections, relevant documents will be produced after a protective order is signed by the parties and filed with the Court.

    5.    Administrative procedure inmate utilization of law library.

    **RESPONSE:** Defendants object on grounds that the request is not relevant to the allegations in the Complaint and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of the foregoing general and specific objections, Defendants refer Plaintiff to documents produced and bate stamped D00592- D00596.

    6.    Department of Corrections Administrative Classification Procedures.

    **RESPONSE:** Defendants object on grounds that the request is not relevant to the allegations in the Complaint and not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object on grounds that this Request seeks information on prison policies and procedures that is protected from disclosure by 11 *Del. C.* § 4322.

    7.    Department of Corrections Grievance Procedures.

    **RESPONSE:** Defendants object on grounds that the request is not relevant to the allegations in the Complaint and not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object on grounds that this Request seeks information on prison policies and procedures that is protected from disclosure by 11 *Del. C.* § 4322. Subject to said objections, relevant documents will be produced after a protective order is signed by the parties and filed with the Court.

    8.    Administrative grievance system structure at Baylor's Women Correctional Facility.

    **RESPONSE:** See Response to Request No. 7.

9.  Department of Corrections Salen Classification System Regulations and sample forms utilized for classification purposes.

**RESPONSE:** See Response to Request No. 6.

10. Bureau of Prison Procedure Manual – Inmate Rule of Conduct.

**RESPONSE:** Defendants object on grounds that this request is vague, overly broad, and unduly burdensome as Rules of Conduct vary by particular prison. Subject to and without waiver of the foregoing general and specific objections, Defendants refer Plaintiff to documents produced herewith and bate stamped D00597-D00611.

11. Bureau of Prison Procedure Manual – Governing Department of Corrections Employees.

**RESPONSE:** Defendants object on grounds that the request is overly broad and unduly burdensome. Defendants further object on grounds that the request is not relevant to the allegations in the Complaint and not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object on grounds that this Request seeks information on prison policies and procedures that is protected from disclosure by 11 *Del. C.* § 4322.

12. Inter – departmental memos, addressing plaintiff's move to higher security.

**RESPONSE:** Defendants object on grounds that this Request is vague and not clearly written. Defendants further object that this Request does not specify a time period. Subject to and without waiver of the foregoing general and specifice objections, relevant documents will be produced after a protective order is signed by the parties and filed with the Court.

13. Law library inmate scheduling, January 1, 2006 to August 31, 2006.

**RESPONSE:** Defendants object on grounds that the request is overly broad, not relevant to the allegations in the Complaint and not reasonably calculated to lead to the discovery of admissible evidence.

14. Administrative Regulations governing handling inmate legal mail.

**RESPONSE:** Defendants object on grounds that the request is overly broad, not relevant to the allegations in the Complaint and not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object on grounds that this Request seeks information on prison policies and procedures that is protected from disclosure by 11 *Del. C.* § 4322.

15. Grievance results filed by plaintiff, January 1, 2006 to August 30, 3006.

**RESPONSE:** Defendants object on grounds that the request is vague, overly broad, not relevant to the allegations in the Complaint and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of the foregoing general and specific objections, Defendants state that there are no grievances filed by Plaintiff and dated during the specified time period.

**DEPARTMENT OF JUSTICE**
**STATE OF DELAWARE**

/s/ Stacey Xarhoulakos
Stacey Xarhoulakos, ID#4667
Deputy Attorney General
Department of Justice
State of Delaware
Carvel State Office Building
820 North French Street, 6TH Fl.,
Wilmington, DE 19801
(302) 577-8400
*Attorney for Defendants*

Dated:  November 19, 2007

6

**CERTIFICATE OF SERVICE**

    I hereby certify that on November 19, 2007, I electronically filed *Defendants' Responses to Plaintiff's Request for Production of Documents* with the Clerk of Court using CM/ECF. I hereby certify that on November 19, 2007, I have mailed by United States Postal Service, the document to the following non-registered participant:

Paulette Winkfield
512 North Church Street
Milford, DE 19963

                                            /s/ Stacey Xarhoulakos
                                            Deputy Attorney General
                                            Department of Justice
                                            820 N. French St., 6th Floor
                                            Wilmington, DE 19801
                                            (302) 577-8400
                                            stacey.xarhoulakos@state.de.us