IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PAULETT L. WINKFIELD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 06-699-SLR |
| ) | |
| STANLEY TAYLOR, PAUL HOWARD ) | JURY TRIAL DEMANDED |
| PATRICK RYAN, COLLEEN ) | |
| SHOTZBERGER,[1] AND COUNSELOR ) | |
| RUSSELL[2] ) | |
| Defendants. ) | |

**DEFENDANTS' MOTION FOR AN ORDER COMPELLING DISCOVERY AND EXTENDING THE DISPOSITVE MOTION DEADLINE**

COME NOW, defendants, Patrick Ryan, Colleen Shotzberger, and Donna Russell ("Defendants"), by and through undersigned counsel, and hereby respectfully request that this Court enter an Order, pursuant to Rule 37(a) and (d) of the Federal Rules of Civil Procedure, compelling plaintiff to respond to discovery and resetting the dispositive motion deadline. In support of the motion, Defendants allege as follows:

1. On November 16, 2006, Paulette Winkfield ("Plaintiff"), an inmate who was at that time incarcerated at the Baylor Women's Correctional Institution, commenced this action by filing a Complaint pursuant to 42 *U.S.C.* § 1983 with leave to proceed *in forma pauperis* against the above-captioned defendants. (D.I. 1-2). Service was executed on Defendants Ryan, Shotzberger, and Russell. (D.I. 15-17). Defendants filed an Answer on July 16, 2007. (D.I. 20).

2. The Court entered a scheduling order in this matter on November 20, 2007. (D.I. 37). On March 18, 2008, the parties stipulated to an amended scheduling order setting the fact discovery deadline to May 1, 2008 and the dispositive motion deadline to May 30, 2008. (D.I.

---
[1] Improperly spelled as Shortzberger in the Complaint.
[2] Donna Russell

42).

3. Rule 37(a) of the Federal Rules of Civil Procedure provides that a party may move the court for an order compelling discovery and for appropriate sanctions. Rule 37(d) provides specific sanctions for the complete failure to respond to Interrogatories or Requests for Production of Documents.

4. On February 6, 2008, Defendants served Interrogatories and Requests for Production on Plaintiff. (D.I. 39-40). To date, no response has been received. Thus, the Defendants have not been able to gather the facts and information pertinent to this case and have been prejudiced in their defense of the allegations in the Complaint.

5. On March 10, 2008, undersigned counsel wrote to Plaintiff regarding the outstanding discovery responses. (Exhibit "A"). The letter indicated that the discovery responses were overdue and that the Defendants were prejudiced in their ability to defend the case by Plaintiff's failure to respond.

6. Plaintiff was deposed on April 4, 2008. (D.I. 41). At that time, the parties discussed discovery and Plaintiff acknowledged that she had received the discovery requests and indicated that she would be responding to the requests. (Exhibit "B" at 16-17). It was also made clear to Plaintiff, during the deposition, that it may be necessary to continue her deposition at a later date because Defendants had not received her discovery responses. (Exhibit "B" at 40-41).

7. On April 21, 2008, undersigned counsel again wrote to Plaintiff requesting that she provide her overdue discovery responses. Plaintiff was even provided with the option of bringing the documents into undersigned counsel's office to be copied. (Exhibit "C"). Plaintiff responded to this correspondence on April 25 and indicated that she would be contacting counsel by telephone on Monday, April 28 to set up an appointment to come to the office. (Exhibit "D").

Plaintiff never contacted counsel.

8.     On April 30, undersigned counsel again wrote to Plaintiff indicting that she had not called, again requesting the discovery responses and reminding Plaintiff of the scheduling order deadlines. (Exhibit "D"). This correspondence also stated that, absent any communication from Plaintiff, Defendants will file a Motion to Compel and for Sanctions with the Court. (Exhibit "D"). Plaintiff has not responded to this correspondence.

9.     Despite the repeated requests of Defendants and the additional time provided by the stipulated amended scheduling order, Plaintiff has still not responded to discovery requests that were mailed over three months ago. Fact discovery was to be completed by May 1, 2008 and the dispositive motion deadline is May 30, 2008.

10.     Plaintiff's refusal to cooperate with Defendants has halted their ability to elicit facts and information about the case and has prejudiced their defense of the case. Defendants could not thoroughly depose Plaintiff without the discovery responses, and Defendants can not file a dispositive motion without the responses. Plaintiff's failure to respond has also created an additional burden on Defendants, causing them to incur unnecessary additional time and expense, including the drafting and filing of this Motion to Compel.

11.     Defendants respectfully that the Court enter an Order compelling the Plaintiff to respond to discovery within thirty (30) days or face Court sanctions. Defendants also request that the Court reset the dispositive motion deadline to sixty (60) days after Plaintiff has responded to discovery. This should provide sufficient time for review of the documents, another deposition of Plaintiff if necessary, and the drafting and filing of dispositive motions.

WHEREFORE, pursuant to Federal Rules of Civil Procedure 37(a) and (d), Defendants apply to this Court for an order compelling Plaintiff to respond to discovery within thirty (30)

days, ordering appropriate sanctions should Plaintiff fail to respond in thirty (30) days, and extending the dispositive motion deadline to sixty (60) days after Defendants receive Plaintiff's discovery responses.

          **STATE OF DELAWARE**
          **DEPARTMENT OF JUSTICE**

          */s/ Stacey X. Stewart*
          Stacey X. Stewart, ID 4667
          Deputy Attorney General
          Department of Justice
          State of Delaware
          Carvel State Office Building
          820 North French Street, 6th fl.
          Wilmington, DE 19801
          (302) 577-8400

Dated: May 7, 2008           *Attorney for Defendants*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| PAULETTE L. WINKFIELD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 06-699-SLR |
| ) | |
| STANLEY TAYLOR, PAUL HOWARD ) | JURY TRIAL DEMANDED |
| PATRICK RYAN, COLLEEN ) | |
| SHOTZBERGER,[3] AND COUNSELOR ) | |
| RUSSELL[4] ) | |
| Defendants. ) | |

**RULE 37(d) CERTIFICATE OF COUNSEL**

The undersigned counsel hereby certifies, pursuant to Rule 37(d) of the Federal Rules of Civil Procedure, that she conferred with Plaintiff on March 10, April 4, April 25, and April 28 of 2008 regarding her failure to respond to the Discovery Requests. Plaintiff has still not responded the Discovery Requests.

**DEPARTMENT OF JUSTICE**
**STATE OF DELAWARE**

/s/ Stacey X. Stewart
Stacey X. Stewart, ID 4667
Deputy Attorney General
Carvel State Office Building
820 North French Street, 6th Fl.,
Wilmington, DE 19801
(302) 577-8400
stacey.stewart@state.de.us

Dated: May 7, 2008              *Attorney for Defendants*

---

[3] Improperly spelled as Shortzberger in the Complaint.
[4] Donna Russell

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PAULETTE L. WINKFIELD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-699-SLR |
| | ) | |
| STANLEY TAYLOR, PAUL HOWARD | ) | JURY TRIAL DEMANDED |
| PATRICK RYAN, COLLEEN | ) | |
| SHOTZBERGER,[5] AND COUNSELOR | ) | |
| RUSSELL[6] | ) | |
| Defendants. | ) | |

**O R D E R**

This _____ day of _____, 2008,

**WHEREAS,** Defendants having requested an order compelling Plaintiff to respond to discovery within thirty (30) days and extending the dispositive motion deadlines until sixty (60) days after Defendants receive Plaintiff's discovery responses; and

**WHEREAS,** there being good cause shown for the granting of such motion;

**IT IS HEREBY ORDERED**, that Defendants' Motion For an Order Compelling Discovery and Motion For an Extension to the Dispositive Motion Deadline be granted and the Plaintiff shall respond to discovery within thirty (30) days.  Plaintiff's failure to respond to discovery within thirty (30) days may result in the imposition of sanctions to be determined by the Court.  The dispositive motion deadline is extended until sixty (60) days after Plaintiff has responded to discovery.

_____
The Honorable Sue L. Robinson

---

[5] Improperly spelled as Shortzberger in the Complaint.
[6] Donna Russell

**CERTIFICATE OF SERVICE**

      I hereby certify that on May 7, 2008, I electronically filed *Defendants' Motion for an Order Compelling Discovery and Extending the Dispositive Motion Deadline* with the Clerk of Court using CM/ECF. I hereby certify that on May 7, 2008, I have mailed by United States Postal Service, the document to the following non-registered participants:

    Paulette Winkfield
    512 North Church Street
    Milford, DE 19963

                                                                            */s/ Stacey X. Stewart*
                                                                          Stacey X. Stewart
                                                                          Deputy Attorney General
                                                                          Department of Justice
                                                                          820 N. French St., 6th Floor
                                                                          Wilmington, DE 19801
                                                                          (302) 577-8400
                                                                          stacey.stewart@state.de.us

# EXHIBIT A



JOSEPH R. BIDEN, III
ATTORNEY GENERAL

DEPARTMENT OF JUSTICE
NEW CASTLE COUNTY
820 NORTH FRENCH STREET
WILMINGTON, DELAWARE 19801

CIVIL DIVISION (302) 577-8400
FAX (302) 577-6630
CRIMINAL DIVISION (302) 577-8500
FAX (302) 577-2496
FRAUD DIVISION (302) 577-8600
FAX (302) 577-6499
TTY (302) 577-5783

March 10, 2008

Paulette Winkfield
512 North Church St.
Milford, DE 19963

RE: *Winkfield v. Taylor, et al.*
06-699 SLR

Dear Ms. Winkfield:

On February 6, 2008, the defendants filed and served Interrogatories and a Request for Production Directed to Plaintiff. [D.I. 39, 40]. To date, you have not responded to the discovery. For your convenience, copies are enclosed.

You also have not responded to my two previous letters requesting dates for your deposition. The defendants have a right to engage in discovery necessary to defend the case. You have not complied with the federal rules, and your continued failure to respond has prejudiced the defendants in their defense of the case.

If you no longer wish to pursue this litigation, you may sign and return the enclosed Stipulation of Dismissal and I will file it with the Court. If you wish to continue to prosecute your case, you must respond to the defendants' discovery requests or the defendants will be forced to file a motion to compel and a motion for sanctions.

Thank you for your cooperation in this matter.

Sincerely,

S. [signature]

Stacey Xarhoulakos
Deputy Attorney General

Enclosures

# EXHIBIT B



Page 1

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

PAULETTE WINKFIELD,            )
                               )
        Plaintiffs,            ) Civil Action No.
                               ) 06-699 SLR
v.                             )
                               )
STANLEY TAYLOR, et al.,        )
                               )
        Defendant.             )

     Deposition of PAULETTE WINKFIELD taken pursuant to notice before Renee A. Meyers, Certified Realtime Reporter and Notary Public, and Gloria M. D'Amore, Registered Professional Reporter, taken at the Department of Justice, 820 North French Street, Wilmington, Delaware, on Friday, April 4, 2008, beginning at approximately 10:00 a.m., there being present:

APPEARANCES:

     DEPARTMENT OF JUSTICE
     STACEY STEWART, ESQ.
       820 North French Street
       Wilmington, Delaware  19801
       for Defendant,

CORBETT & WILCOX
Registered Professional Reporters
230 North Market Street     Wilmington, DE 19899
(302) 571-0510
Corbett & Wilcox is not affiliated
with Wilcox & Fetzer, Court Reporters

Page 16

```
 1        Q.    By who?
 2        A.    Staff Lieutenant Smith and Tammy Idlesburg.
 3        Q.    And who is Tammy Idlesburg?
 4        A.    She was Staff Lieutenant Smith's secretary,
 5   but it don't erase.  It went to recycle bin.
 6        Q.    What did they tell you exactly?
 7        A.    Staff Lieutenant Smith told me exactly that
 8   they was upset because I had wrote the letter and that
 9   they was getting ready to take me out and put me in max.
10   She told me everything that was going to happen.  She
11   made sure that I had a copy of the original incident
12   report, and she told me that she didn't have nothing to
13   do with the new paperwork.  And to protect herself, she
14   put, Per order Patrick Warden Ryan to protect her because
15   if anything happened, she didn't want to be a part of it.
16        Q.    And she told you all of that?
17        A.    Yes.
18        Q.    And did she give you a copy of the original
19   incident report?
20        A.    Yes.
21        Q.    And why haven't you given it to me?
22        A.    I don't know.  Wait a minute.  Duh.
23        Q.    You have received my discovery requests;
24   correct?
```

```
 1      A.   Yes.
 2      Q.   And in there, I asked for all of your
 3 documentation; correct?
 4      A.   Correct.  Okay.  I can give you copies of
 5 everything.  But while we are on that subject, I have
 6 requested a record, a copy of everything, all my records,
 7 and they sent me -- you sent me everything except my
 8 incarceration -- this last incarceration.
 9      Q.   Did you read the documentation that I sent you
10 and the letter that was sent with it?
11      A.   Okay.
12      Q.   Do you read the information that I send to
13 you?
14      A.   Yes.
15      Q.   If you had read the information that I sent to
16 you, you would see that some of that information is
17 privileged by statute, and I sent you a protective order
18 to be executed for release of some of the additional
19 information and I cited to statutes which would tell you
20 why certain information was withheld.  And then shortly
21 thereafter, I sent to you our own discovery requests.
22           Now, since then, I have re-sent the
23 discovery requests and re-sent letters to you and the
24 only contact that I have had from you is your phone call
```

Page 40

```
1       A.   2006.  I am sorry.
2       Q.   You said seven at first.
3       A.   I am sorry, it was 2006.
4       Q.   What was in that letter?
5       A.   Retaliation -- I talked about how the warden
6   and Colleen Shotzberger discriminated against black,
7   African-American inmates.  I talked about how they get
8   better jobs -- Caucasians get better jobs than we did.  I
9   talked about how people that work for Colleen
10  Shotzberger, Diane Metsker, how she is not allowed to be
11  searched.  If an officer searches her, they have to
12  return her stuff, how she can pick and choose who goes in
13  her unit, how she makes phone calls directly out, how she
14  -- and we are not treated like that.
15           I talked about how the warden, how he
16  have the DUIs that come in, well, only the white ones are
17  the ones that go to the honor pod, how they are the only
18  ones that get brand new issued stuff.  He has cages of
19  it.
20      Q.   Do you have a copy of this letter?
21      A.   Yeah.  I will make sure you have a copy of it.
22      Q.   You will give me copy of it.
23      A.   Yes.  And I go right down the line,
24  everything.
```

1    Q.    That's fine.  We don't need to go through
2    everything now, but what you need to understand is
3    because you didn't give me any of this documentation yet,
4    there could potentially be a second deposition because
5    often times in depositions, we question about the
6    documents that have been produced in the case.
7    A.    Okay.
8    Q.    And because I don't have them, I can't ask you
9    about them.
10    A.    Okay.
11    Q.    So after, at some point, after you have given
12    them to me, it might be necessary to have another
13    deposition.
14    A.    Okay.
15    Q.    You mailed this letter on August 7th, 2007;
16    correct?
17    A.    Yes.
18    Q.    And it was mailed to all the parties that we
19    previously discussed that you always mail all your
20    letters to?
21    A.    Mm-hmm.
22    Q.    And a copy was mailed also to the warden?
23    A.    Yes.
24    Q.    Was a copy -- did the party names include

# EXHIBIT C

## Stewart Stacey (DOJ)

**From:** Stewart Stacey (DOJ)
**Sent:** Monday, April 21, 2008 2:00 PM
**To:** 'praisingp@comcast.net'
**Subject:** Winkfield v. Taylor, et al. 06-699

Dear Ms. Winkfield,

    I have received your deposition transcript from the court reporter in the above-captioned case. I would like to schedule a time for you to come in and review the transcript for errors as we discussed in the deposition. Please contact me to schedule a time. You may contact me by replying to this e-mail, writing me a letter, or calling me at 302-577-8828. Also, during your deposition on April 18, we discussed your overdue responses to the defendants' discovery requests. At that time, you indicated that you would be responding to the discover requests shortly, but I still have not received your responses. If it would be more convenient for you, you may bring the documentation responsive to the document requests with you when you review your transcript, and my office can make the copies. You will also, however, need to respond to the Interrogatory Requests. Time is of the essence as our discovery deadline of May 1, 2008 is fast approaching.

Thank you,

**Stacey X. Stewart**
Deputy Attorney General
Department of Justice
820 N. French St.
Wilmington, DE 19801
(302) 577-8400
(302) 577-5866 (fax)

# EXHIBIT D

## Stewart Stacey (DOJ)

**From:** Stewart Stacey (DOJ)
**Sent:** Wednesday, April 30, 2008 9:03 AM
**To:** 'praisingp@comcast.net'
**Subject:** RE: Winkfield v. Taylor, et al. 06-699

Ms. Winkfield,

You indicated in your last e-mail that you would be contacting me on Monday, but I still have not heard from you. We are operating against court deadlines that have already been extended once. It is imperative that you respond to my discovery requests that are well overdue at this point. If you do not call me this week to set up an appointment, I will be forced to file a Motion to Compel and for sanctions with the Court.

Thank you,
Stacey X. Stewart
Deputy Attorney General

-----Original Message-----
**From:** praisingp@comcast.net [mailto:praisingp@comcast.net]
**Sent:** Friday, April 25, 2008 4:14 PM
**To:** Stewart Stacey (DOJ)
**Subject:** Re: Winkfield v. Taylor, et al. 06-699

Ms. Stewart,
I will be calling you Monday to set up appointment to read over the disposition also I will have copies of all the information I told you I would send you.

Paulette Winkfield

-------------- Original message ---------------
From: "Stewart Stacey (DOJ)" <Stacey.Stewart@state.de.us>
Dear Ms. Winkfield,

I have received your deposition transcript from the court reporter in the above-captioned case. I would like to schedule a time for you to come in and review the transcript for errors as we discussed in the deposition. Please contact me to schedule a time. You may contact me by replying to this e-mail, writing me a letter, or calling me at 302-577-8828. Also, during your deposition on April 18, we discussed your overdue responses to the defendants' discovery requests. At that time, you indicated that you would be responding to the discover requests shortly, but I still have not received your responses. If it would be more convenient for you, you may bring the documentation responsive to the document requests with you when you review your transcript, and my office can make the copies. You will also, however, need to respond to the Interrogatory Requests. Time is of the essence as our discovery deadline of May 1, 2008 is fast approaching.

Thank you,

Stacey X. Stewart
Deputy Attorney General
Department of Justice
820 N. French St.
Wilmington, DE 19801
(302) 577-8400
(302) 577-5866 (fax)