IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PAULETTE L. WINKFIELD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-699-SLR |
| | ) | |
| STANLEY TAYLOR, PAUL HOWARD PATRICK RYAN, COLLEEN SHOTZBERGER,[1] AND COUNSELOR RUSSELL[2] | ) ) ) ) | JURY TRIAL DEMANDED |
| Defendants. | ) | |

## DEFENDANTS MOTION TO DISMISS FOR FAILURE TO PROSECTUE AND FOR FAILRURE TO TIMELY SERVE PROCESS

COME NOW, Defendants Ryan, Shotzberger, Russell and Taylor ("Defendants"), by and through undersigned counsel, and hereby respectfully request that this Court enter an Order, pursuant to Rules 4(m) and 41(b) of the Federal Rules of Civil Procedure and Rule 41.1 of the Local Rules for the District of Delaware, dismissing with prejudice all claims against the moving Defendants. In support of the motion, Defendants allege as follows:

1. On November 16, 2006, Paulette Winkfield ("Plaintiff"), an inmate who was at that time incarcerated at the Baylor Women's Correctional Institution, commenced this action by filing a Complaint pursuant to 42 *U.S.C.* § 1983 with leave to proceed *in forma pauperis* against the above-captioned defendants. (D.I. 1-2).

2. Defendant Taylor has not been served with the Complaint. Fed. R. Civ. P. 4(m) requires service of the Complaint within 120 days of its filing. It has been more than 120 days since Plaintiff filed the Complaint. On August 22, 2007, Plaintiff was ordered to show cause

---

[1] Improperly spelled as Shortzberger in the Complaint.
[2] Donna Russell

why Defendants Taylor and Howard should not be dismissed from the action. (D.I. 23). Plaintiff responded by letter stating that Defendant Taylor had been served, and requesting that Defendant Howard be dismissed. (D.I. 26). Thus, Howard was terminated as a party. Despite Plaintiff's assertion, Defendant Taylor has not been served with the Complaint. Pursuant to Fed. R. Civ. P. 4(m) and the Court's Show Cause Order of August 22, 2007, it is requested that Defendant Taylor be dismissed from the action.

3.  On February 6, 2008, Defendants served Interrogatories and Requests for Production on Plaintiff. (D.I. 39-40). To date, no response has been received. Thus, the Defendants have not been able to gather the facts and information pertinent to this case and have been prejudiced in their defense of the allegations in the Complaint.

4.  On May 7, 2008, Defendants filed a Motion to Compel with the Court outlining and documenting all of the efforts they have made to procure discovery responses from Plaintiff. (D.I. 44). Defendants' requested an Order compelling Plaintiff to respond to discovery.

5.  On June 2, 2008, the Court granted the Motion to Compel and ordered Plaintiff to respond to outstanding discovery requests on or before June 20, 2008. (D.I. 45). The Order further indicated that Plaintiff's failure to timely respond "shall result in dismissal of the case for failure to prosecute, pursuant to D. Del. LR 41.1." (D.I. 45).

6.  To date, Plaintiff has still not responded to the discovery requests mailed on February 6, 2008, and has not complied with the court deadline of June 20, 2008.

7.  Rules 41(b) of the Federal Rules of Civil Procedure and 41.1 of the Local Rules for the District of Delaware provide for a dismissal of an action where a plaintiff fails to prosecute or comply with the rules. Local Rule 41.1 provides that where no action has been taken for a period of 3 months, "the Court may, on its motion or upon application of any party,

and after reasonable notice, enter an order dismissing such case unless good reason for the inaction is given."

8.  The Third Circuit has held that a district court should consider, "the propriety of punitive dismissals in light of the factors outlined in *Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863 (3d Cir. 1984)." *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992). The six *Poulis* factors that a court should consider are: (a) the extent of the party's personal responsibility; (b) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (c) a history of dilatoriness; (d) whether the conduct of the party was willful or in bad faith; (e) the effectiveness of alternative sanctions; and (f) the meritoriousness of the claim. *Poulis*, 747 F.2d at 868. "Not all of the *Poulis* factors need be satisfied in order to dismiss a complaint." *Mindek*, 964 F.2d at 1373.

9.  Applying the *Poulis* factors to this case reveals that dismissal is appropriate. It is a) Plaintiff's obligation to prosecute her case and she is personally responsible for her own inaction; b) Plaintiff's inaction and failure to respond in this case has prejudiced Defendants, who are unable to fully develop their defense; c) Defendants served the discovery requests over five months ago and Plaintiff still has not responded; d) as outlined in Defendant's Motion to Compel, Plaintiff's conduct is willful as she acknowledged several times that she is aware of the outstanding discovery requests (D.I. 44, par. 6–7) and she has failed to comply with a Court Order compelling her to respond (D.I. 45); e) monetary sanctions would not be effective as Plaintiff proceeds *in forma pauperis*; and f) Plaintiff's claims are not meritorious as the record will show that she was transferred as a result of a disciplinary violation and not in retaliation for protected conduct.

10.  Determination by the Court of the last *Poulis* factor, the merits of the action, is

not always possible for the Court on an undeveloped record.  Notably, however, the record is undeveloped because of the inaction of Plaintiff.  And even if the Court were to consider the last factor as neutral, six of the five *Poulis* factors weigh in favor of dismissing the Complaint against Defendants with prejudice.  *See Hall v. Holman*, 2007 WL 2049776 (D. Del. July 12, 2007) (District Court dismissed Complaint for failure to prosecute where five of the six *Poulis* factors weighed in favor of dismissal), *aff'd* 265 Fed. Appx. 135 (3d Cir. Feb. 20, 2008.).

11. Defendants have made extensive efforts and expended significant time and resource to move the case forward.  Plaintiff has not cooperated and, considering the *Poulis* factors as discussed and the Court's June 2, 2008 Order (D.I. 45), dismissal is appropriate.

WHEREFORE, pursuant to Local Rule 41.1, Defendants apply to this Court for an order dismissing Plaintiff's claims with prejudice against all Defendants for failure to prosecute and Plaintiff's failure to comply with the Order of this Court.  It is further requested, pursuant to Fed. R. Civ. P. 4(m) and the Show Cause Order of this Court, that defendant Taylor be dismissed from the action for failure to serve process.

**STATE OF DELAWARE**
**DEPARTMENT OF JUSTICE**

*/s/ Stacey X. Stewart*
Stacey X. Stewart, ID 4667
Deputy Attorney General
Department of Justice
State of Delaware
Carvel State Office Building
820 North French Street, 6th fl.
Wilmington, DE 19801
(302) 577-8400
*Attorney for Defendants*

Dated: July 22, 2008

4

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PAULETTE L. WINKFIELD, | ) |
| Plaintiff, | ) ) ) |
| v. | ) C.A. No. 06-699-SLR |
| STANLEY TAYLOR, PAUL HOWARD PATRICK RYAN, COLLEEN SHOTZBERGER, AND COUNSELOR RUSSELL | ) ) ) ) ) |
| Defendants. | ) |

### **O R D E R**

This _____ day of _____, 2008,

**WHEREAS,** Defendants having requested an order dismissing the Complaint with prejudice against all Defendants for Plaintiff's failure to prosecute her case and failure to comply with the June 2, 2008 Order of this Court compelling discovery responses, and Defendants having further requested an order dismissing the Complaint against Defendant Taylor for failure to serve process or comply with the August 22, 2007 Show Cause Order of this Court; and

**WHEREAS,** there being good cause shown for the granting of such motion;

**IT IS HEREBY ORDERED**, that Defendants' Motion to Dismiss the Complaint for Failure to Prosecute and Failure to Timely Serve Process is granted. The claims against Defendants Ryan, Shotzberger, Russell, and Taylor are dismissed with prejudice.

_____
The Honorable Sue L. Robinson

**CERTIFICATE OF SERVICE**

I hereby certify that on July 22, 2008, I electronically filed *Defendants' Motion to Dismiss for Failure to Prosecute and for Failure to Timely Serve Process* with the Clerk of Court using CM/ECF. I hereby certify that on July 22, 2008, I have mailed by United States Postal Service, the document to the following non-registered participants:

Paulette Winkfield
512 North Church Street
Milford, DE 19963

> */s/ Stacey X. Stewart*
> Stacey X. Stewart
> Deputy Attorney General
> Department of Justice
> 820 N. French St., 6th Floor
> Wilmington, DE 19801
> (302) 577-8400
> stacey.stewart@state.de.us